UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAMAL GREEN,
                Petitioner,

                                            MEMORANDUM & ORDER

     -against-

                                            03 CV 3606

JAMES WALSH,
                Respondent.
----------------------------------------------------X
DEARIE, Chief Judge.

      Petitioner, pro se, moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from this Court's October 26, 2005 order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. The petition challenged his 1999 conviction for burglary, weapons possession, assault and child endangerment, and his sentence as a second violent felony offender. He contends that because the 1989 conviction upon which this Court's decision regarding his sentencing claim was based was subsequently vacated, this Court's decision must also be vacated. For the reasons set forth in respondent's opposition and below, relief is denied.

      At sentencing for his 1999 conviction, petitioner was classified as a second violent felony offender based on his 1989 plea to an indictment for having "knowingly and unlawfully possessed a loaded firearm . . . such possession not being in [his] home or place of business," a violation of New York Penal Law § 265.02, criminal possession of a weapon in the third degree. The indictment, however, did not reference a subdivision of Section 265.02. Under Section 265.02(4), repealed effective November 1, 2006, "[a] person [was] guilty of criminal possession of a weapon in the third degree when . . . [s]uch person possesse[d] any loaded firearm. Such possession [did] not . . . constitute a violation of this section if such possession [took] place in such person's home or place of business." For sentencing purposes, a violation of former

subdivision four of Section 265.02 was classified as a violent felony offense, but a violation of subdivision one was not. See N.Y.Penal Law § 70.02(1).[1]

On appeal, counsel argued that petitioner's prior violent felon classification was illegal, asserting that the state court's computer system indicated a subdivision one conviction, but the Appellate Division rejected this claim together with a number of other claims as "without merit," "not requir[ing] reversal," or "concern[ing] matters . . . dehors the record." People v. Green, 719 NYS2d 894, 895 (App. Div. 2001). Petitioner's subsequent pro se claim that the evidence of his prior violent felon status was insufficient, raised in his April 2002 New York Criminal Procedure Law § 440 motion to vacate, was rejected as having been raised on appeal and denied on the merits. His related ineffective assistance of trial counsel claim, also raised in the 2002 motion to vacate, was denied on the grounds that he failed to raise it in his earlier Section 440 motion.

In July 2003, petitioner included both the sufficiency and ineffective assistance of trial counsel claims in his timely filed petition for a writ of habeas corpus. He argued that because he pled to an unspecified subdivision of Section 265.02, and only certain subdivisions of the statute qualified as violent felonies, the adjudication at sentencing of his violent felony offender status was improper and trial counsel was ineffective for failing to challenge it. In 2004, petitioner moved for a writ of error coram nobis on the ground that appellate counsel was ineffective for not making the ineffective assistance of trial counsel claim. The motion was denied. As part of his application for leave to appeal, he attached a computer-generated copy of his certificate of disposition showing a conviction under Section 265.02(1). After leave to appeal was denied,

---

[1] The crime defined in former Section 265.02(4), which was a Class D violent felony offense under Section 70.02(1)(c), now constitutes criminal possession of a weapon in the second degree under Section 265.03(3), a Class C violent felony offense under Section 70.02(1)(b).

petitioner asked this Court to consider the additional ineffective assistance of appellate counsel claim in his pending petition. By Memorandum and Order dated October 26, 2005, the Court dismissed the petition, finding no grounds for habeas relief on any of petitioner's claims.

Petitioner then moved in the Appellate Division to reargue his 2004 coram nobis application. The Appellate Division granted the motion, vacated his sentence, and remitted the matter on the ground that petitioner's status as a second violent felony offender "was not adequately presented and supported on appeal." People v. Green, 818 N.Y.S.2d 262 (App. Div. 2006). The Appellate Division found that "[i]n light of the existence of apparently conflicting documentation concerning [his] 1989 conviction, the Supreme Court must determine whether the offense . . . was a violent felony offense and must resentence [him] accordingly." Id.

The New York Supreme Court held a hearing at which the court clerk testified that prior to 1990, indictments like petitioner's did not include a subdivision and that, as a result, no subdivision was entered into the court's computer records. People v. Green, 831 N.Y.S.2d 361 (Sup. Ct. 2006). She further testified that the computer program that generates the certificates of disposition is programmed to indicate subdivision one as the default when no subdivision is otherwise specified in the records. Id. In addition, the court examined the handwritten certificate of disposition contained in the court file and found that, consistent with the court clerk's testimony, it reflected that petitioner was convicted of third-degree criminal possession of a weapon without any specified subdivision. Id. The court also reviewed petitioner's indictment and admission during the plea proceeding and found that both tracked the language of subdivision four of Section 265.02. Id. The court concluded that petitioner had been convicted of Section 265.03(4) in 1989, a violent felony, and adjudicated him a second violent felony offender

3

for purposes of resentencing on the 1999 conviction. Id. At petitioner's resentencing, the original sentence was reimposed. Petitioner appealed, and the resentence was affirmed. People v. Green, 882 N.Y.S.2d 419 (App. Div. 2009).

Petitioner's claims of ineffective assistance of trial counsel and insufficient evidence with respect to his status as a prior violent felon were rejected by this Court as procedurally barred from review. His claim of ineffective assistance of appellate counsel was rejected on the ground that the 2004 coram nobis decision was neither contrary to nor an unreasonable application of Supreme Court precedent. The state court proceedings that occurred after this Court dismissed the petition do not change this Court's analysis or affect its decision. Moreover, to the extent that this Court addressed the merits of petitioner's underlying claim that his status was improperly adjudicated, the subsequent state court proceedings support this Court's conclusion that his original sentence was not improper. They do not provide any grounds for relief from this Court's dismissal of his petition.

Finally, to the extent that petitioner's Rule 60(b) motion does not attack this Court's Section 2254 proceedings, but instead challenges his underlying sentence as improper once again, the motion constitutes another petition for relief pursuant to 28 U.S.C. § 2254. See Gonzalez v. Crosby, 545 U.S. 524 (2005) (Rule 60(b) motion raising claim for relief from judgment of conviction constitutes another habeas corpus application). As such, it is beyond the scope of Rule 60(b). See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004); Gitten v.

United States, 311 F.3d 529, 534 (2d Cir. 2002). Accordingly, petitioner's motion is denied in all respects.

SO ORDERED.

Dated: Brooklyn, New York
      August __, 2010

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge